UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KOFI AJABU, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00369-JPH-DLP |
| ) | |
| WARDEN, Wabash Valley Correctional ) | |
| Facility, ) | |
| ) | |
| Respondent. ) | |

## ORDER TO AMEND PETITION

**I.**

The only proper respondent in a habeas action is the petitioner's custodian. Therefore, **the clerk is directed** to update the docket to substitute the Warden of Wabash Valley Correctional Facility for the currently named respondents, as shown in the caption of this Order.

**II.**

The petitioner's motion to proceed *in forma pauperis*, dkt. [2], is **denied as presented**. He shall have until **August 27, 2020**, in which to renew his motion to proceed *in forma pauperis* by attaching a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on July 20, 2020.

**III.**

Petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2254 challenging his state-court conviction. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

1

relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress revised several statutes governing federal habeas relief as part of AEDPA. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)). To the extent applicable, 28 U.S.C. § 2244(d)(1)(C) provides that a state prisoner "has one year to file a habeas petition based on a newly recognized constitutional right made retroactively applicable by the Supreme Court to collateral review."

It appears from the petition that the petitioner's one-year limitations period has expired. Although he does not identify the case number for the conviction he challenges, the petitioner was convicted of three counts each of murder, criminal confinement, and robbery, and one count of burglary in St. Joseph County case number 71D02–9409–CF–963 in August 1995. *Ajabu v. State*, 873 N.E.2d 207 (Ind. Ct. App. 2007). A review of the online docket of the petitioner's state post-conviction relief appeal, case number 71A05-0610-PC-00588, reveals that his petition to transfer to the Indiana Supreme Court was denied on November 1, 2007.

Finally, the petitioner indicates that he wishes to challenge both the fact of his confinement and the conditions of his confinement. It appears that the conditions the petitioner challenges relate to the Covid-19 pandemic and that he seeks release from confinement due to these conditions. The petitioner is required to exhaust his available state court remedies before filing a federal habeas action and there is no indication that he has done so in relation to this ground for relief. *See* 28 U.S.C. § 2254(d)(2); *Money v. Pritzker*, –– F.Supp.3d at ––, No. 20-CV-2093, 2020 WL 1820660, at *20-21 (N.D. Ill. Apr. 10, 2020) (denying habeas relief based on COVID-19 conditions and finding that "Plaintiffs have not made a satisfactory showing that the state court system was not every bit as available as the federal courts, if not more so.").

Therefore, the petitioner shall have **through August 27, 2020**, in which to file an amended petition that 1) includes the case number of the conviction the petitioner seeks to challenge, 2) addresses the question of whether the petition is time-barred, 3) indicates whether the petitioner has previously sought federal habeas relief, and 4) indicates whether the petitioner has exhausted his Covid-19 related claims in state court. The **clerk is directed** to include a § 2254 petition with the petitioner's copy of this Order.

Should the petitioner fail to submit an amended petition by the above deadline, this action will be dismissed without further opportunity to show cause. Petitioner's challenge to his conviction will be dismissed as time-barred and his Covid-19 related ground for relief will be dismissed as unexhausted.

**SO ORDERED**.

Date: 7/29/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KOFI AJABU
955750
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838