UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KOFI AJABU, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00369-JPH-DLP |
| ) | |
| WARDEN, Wabash Valley Correctional ) | |
| Facility, ) | |
| ) | |
| Respondent. ) | |

**ORDER GRANTING MOTIONS FOR RULING, DENYING MOTION FOR COUNSEL, DISMISSING PETITION, & DENYING CERTIFICATE OF APPEALBILITY**

**I. Background**

Petitioner Kofi Ajabu filed the instant habeas petition pursuant to 28 U.S.C. § 2254 challenging his state-court conviction. Dkt. 1. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After a review of the petition in this case, the Court ordered Mr. Ajabu to amend his petition because it appeared that the challenge to his underlying conviction was time-barred and because it appeared that he had not exhausted state court remedies before bringing his claim for release based on the COVID-19 pandemic. Dkt. 5.

On August 26, 2020, Mr. Ajabu submitted an amended petition. Dkt. 6. He argues that he is innocent of the crimes for which he was convicted because he was convicted as an accomplice but was not charged as an accomplice. He also argues the he has exhausted his state court remedies

as to his COVID-19 claim, but he provides no factual support or evidence of any efforts to exhaust this claim in state court.

Mr. Ajabu's motions for ruling, dkt. [7]; dkt. [8], are **granted to the extent** this Order rules on his petition.

## II. Discussion

Mr. Ajabu is correct that "actual innocence, if proved, serves as a gateway through . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, "tenable actual-innocence gateway pleas are rare." *Id.* To demonstrate actual innocence, a petitioner must show "'that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298 (1995)).

"'New evidence' in this context does not mean 'newly discovered evidence'; it just means evidence that was not presented at trial. And because an actual-innocence claim 'involves evidence the trial jury did not have before it, the inquiry requires the federal court to assess how reasonable jurors would react to the overall, newly supplemented record.'" *Jones v. Calloway*, 842 F.3d 454, 461 (7th Cir. 2016) (quoting *House* v. Bell, 547 U.S. 518, 538 (2006). Mr. Ajabu has presented no new evidence. He could have raised his claim that he was convicted as an accomplice, but not charged as an accomplice, before his statute of limitations expired.

Although he does not identify the case number for the conviction he challenges, Mr. Ajabu was convicted of three counts each of murder, criminal confinement, and robbery, and one count of burglary in St. Joseph County case number 71D02–9409–CF–963 in August 1995. *Ajabu v. State*, 873 N.E.2d 207 (Ind. Ct. App. 2007). A review of the online docket of his state post-conviction relief appeal, case number 71A05-0610-PC-00588, reveals that his petition to transfer

to the Indiana Supreme Court was denied on November 1, 2007, more than a decade before he brought the instant petition. It is clear that Mr. Ajabu's petition is time-barred and he has not shown that he is entitled to equitable tolling. *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015) ("Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition.").

As for his claim for release due to the COVID-19 pandemic, he has failed to show that he exhausted state court remedies before bringing his petition. Therefore, this claim is also barred. *See* 28 U.S.C. § 2254(d)(2); *Money v. Pritzker*, 453 F.Supp.3d at 1103, 1316 (N.D. Ill. Apr. 10, 2020) (denying habeas relief based on COVID-19 conditions and finding that "Plaintiffs have not made a satisfactory showing that the state court system was not every bit as available as the federal courts, if not more so.").

### III. Conclusion

For these reasons, Mr. Ajabu's challenge to his conviction is dismissed with prejudice as untimely. His COVID-19 claim is dismissed without prejudice because it is unexhausted. Judgement consistent with this Order shall now issue.

Because the Court cannot reach the merits of either of Mr. Ajabu's claims, it would not be in the interests of justice to appoint counsel. *See* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."). Therefore, Mr. Ajabu's motion for the appointment of counsel, dkt. [3], is **denied**.

### IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017).

3

Instead, the petitioner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a claim is resolved on procedural grounds (such as default), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist could dispute that Mr. Ajabu's claim as to his conviction is time-barred or that his COVID-19 claim is unexhausted. Therefore, a certificate of appealability is **denied**.

**SO ORDERED**.

Date: 1/12/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KOFI AJABU
955750
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838