UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KOFI AJABU, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:20-cv-00369-JPH-DLP |
| | ) |
| WARDEN, Wabash Valley Correctional Facility, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING POST-JUDGMENT MOTIONS AND ORDERING MR. AJABU TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED**

For the reasons set forth in greater detail below, Kofi Ajabu's motions, dkt. [13] and dkt. [15], are **DENIED** and Mr. Ajabu is **ORDERED TO SHOW CAUSE** why sanctions should not be imposed.

**I.
Background**

In this case, Kofi Ajabu challenged his state-court conviction and sought release from the Indiana Department of Correction because of concerns over its handling of COVID-19. The Court previously dismissed with prejudice his Section 2254 petition because it was time-barred and dismissed without prejudice his claim for release because he had not exhausted state-court remedies. Dkt. 11. Mr. Ajabu then filed a motion for relief from judgment, dkt. 13, and a motion to stay pending a civil rights investigation, dkt. 15. Mr. Ajabu's principal arguments were that his conviction is unconstitutional, the Court's ruling was wrong and violated his 14th Amendment rights, and he should have been appointed counsel.

Before addressing those arguments, the Court responds to Mr. Ajabu's claim that the telephonic status conference scheduled for February 8, 2021, was cancelled for nefarious reasons.

Dkt. 13 at 4-5. Those allegations are wholly unsupported and false. The Court promptly modified the docket entry setting the conference to explain that it was "DOCKETED IN ERROR," dkt. 9, and a separate docket entry vacated the status conference, noting that it "was docketed in error," dkt. 10. Mr. Ajabu is thus ordered to show cause why the Court should not impose sanctions for frivolous filings and abuse of the judicial process. See Federal Rule of Civil Procedure 11; *Fuery v. City of Chi.*, 900 F.3d. 450, 452 (7th Cir. 2018); *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015).

## II.
## Analysis

Mr. Ajabu's motion for relief from judgment was filed within 28 days of the date judgment was entered in this action. It is therefore treated as a motion to amend judgment under Rule 59 of the Federal Rules of Civil Procedure. Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Accordingly, Rule 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois,* 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). Mr. Ajabu has not shown that the Court made a manifest error or presented newly discovered evidence.

### A. Screening of Amended Petition

Mr. Ajabu argues that the Court erred when it screened his Amended Petition because it did not follow the standards set forth in 28 U.S.C. § 1915A(b) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But those standards apply in civil rights actions, not habeas actions. Instead,

2

habeas petitions from state prisoners are screened pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See* dkt. 5; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (writ of habeas corpus is sole federal remedy when state prisoner challenges the fact or duration of his imprisonment); *Walker v. O'Brien*, 216 F.3d 626, 634 (7th Cir. 2000) (habeas petitions are not subject to PLRA).

### B. Exhaustion of COVID-19 Claim for Release

Mr. Ajabu argues that he should not be required to exhaust in state court his COVID-19 claim for release. This ignores the legal principles that govern the relationship between federal and state courts. "To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citation and quotation marks omitted); *see* 28 U.S.C. § 2254(b)(1)(A). Mr. Ajabu also references Eighth Amendment standards, but those standards are not applicable in a habeas action. *Preiser*, 411 U.S. at 499 (challenges to the conditions of confinement are properly brought in a civil rights action).

### C. Appointment of Counsel

Mr. Ajabu argues that the Court should have appointed counsel to represent him. The Court may appoint counsel for a § 2254 petition when it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (applying the "interests of justice" standard) ; *cf. Martel v. Clair*, 565 U.S. 648, 663 (2012) (same, noting that the standard "contemplates a peculiarly context-specific inquiry "). A decision to not appoint counsel is an abuse of discretion only "if, given the difficulty of the case and the

litigant's ability, [the petitioner] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side." *Winsett*, 130 F.3d at 281. Here, Mr. Ajabu's claims were time-barred, and he failed to exhaust state court procedures. Considering these fundamental procedural barriers to relief, there is no reasonable chance a lawyer would have made a difference in this case.

### III.
### Conclusion

Mr. Ajabu's motion for relief from judgment, dkt. [13], and motion to stay pending a civil rights investigation, dkt. [15], are **DENIED**. Mr. Ajabu has **until May 17, 2021, to SHOW CAUSE** why sanctions should not be imposed based on those filings.

Other than the show-cause order, this case is closed. Any pending civil rights investigation will not be affected by the Court's ruling on Mr. Ajabu's motion for relief from judgment, and there are no other motions pending.

**SO ORDERED.**

Date: 4/13/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KOFI AJABU
955750
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838